E. S. HELLER, SIDNEY M. EHRMAN, AND I. W. HELLMAN, III, EXECUTORS, ESTATE OF ISAIAS W. HELLMAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4575. Promulgated January 20, 1928.

*Lloyd W. Dinkelspiel, Esq.*, for the petitioners.
*Thomas M. Mather, Esq.*, for the respondent.

OPINION.

MARQUETTE: The filing of amended returns by Isaias W. Hellman for the years 1917 and 1918, did not operate to extend the period within which taxes for those years might be assessed. *Appeal of National Refining Co. of Ohio et al.*, 1 B. T. A. 236; *United States* v.

*National Refining Co. of Ohio*, 21 Fed. (2d) 464. The period for such assessment began to run on the dates the returns were filed, March 31, 1918, and March 15, 1919, respectively (sec. 250(d), Revenue Act of 1918; sec. 250(d), Revenue Act of 1921; sec. 277(a)(2), Revenue Act of 1924), and expired five years from those dates unless extended by waiver or the mailing by the respondent of a deficiency notice.

We find that the petitioners filed a waiver as to the year 1917, extending the period for assessment by one year. However, assuming but not deciding that the petitioners, in executing the waiver, acted within their legal rights, the period for assessment of the 1917 tax, as extended by the waiver, expired on March 31, 1924. No waiver having been filed for 1918, the period for assessment as to that year expired on March 15, 1924. The statute of limitations had, therefore, run as to both years at the time the deficiency letter herein was mailed to the petitioners. The assessment and collection of additional taxes for the years 1917 and 1918 are, therefore, barred and there is no deficiency as to those years, and the respondent so concedes in his brief.

As to the issues raised relative to the tax liability of the estate for the period April 10, to December 31, 1920, we are of the opinion that the respondent erred in including in the gross income of the estate the amount of taxes paid by obligors in tax-free-covenant bonds owned by the decedent. The amount of tax so paid by the obligors is a proper credit against the total amount of tax due from the estate, but is not income to the estate. *Appeal of Mary Clark Kling*, 1 B. T. A. 1048; *Duffy* v. *Pitney*, 2 Fed. (2d) 230.

We are also of the opinion that the respondent erred in including in the income of the estate the amount of interest and rents that had accrued at the date of Isaias W. Hellman's death. Such interest and rents had not been received by Hellman and had not accrued in the sense that they had become due and payable. They had accrued, however, in the sense that they had been earned and they constituted a property right which was a part of the decedent's estate and the value thereof was, we think, properly included in the gross estate subject to the Federal estate tax. But this accrued interest and rents, when collected by the executors, did not constitute income to the estate. *Charles J. Coulter, Jr.*, v. *Commissioner*, 6 B. T. A. 426; *Wm. G. Frank, Administrator*, v. *Commissioner*, 6 B. T. A. 1071; *Nichols* v. *United States*, 64 Ct. Cls. 241.

*Judgment will be entered on 15 days' notice, under Rule 50.*